Salvador GAMA–ROJAS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71087.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Margaret J. Perry, Julia K. Doig, Esq., Margaret Taylor, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.
* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

## MEMORANDUM **

Salvador Gama–Rojas, a native and citizen of Mexico, petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of his appeal of an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process challenges to immigration decisions and the jurisdictional limitations of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004). We deny the petition for review in part, and dismiss it in part.

We are not persuaded that the BIA's failure to remand the hardship determination to the IJ was inconsistent with due process. The BIA may review de novo the legal and factual basis of an IJ's discretionary decision, relying upon its independent judgment and without remanding to the IJ, and the record shows that in this case the BIA adjudicated the hardship determination under the correct standard. *See Yepes–Prado v. INS*, 10 F.3d 1363, 1366 (9th Cir.1993); *see also Matter of Burbano*, 20 I. & N. Dec. 872, 873 (BIA 1994) ("when the Board engages in a review of a discretionary determination by an immigration judge, we rely upon our own independent judgment in deciding the ultimate disposition of the case.").

To the extent that Gama–Rojas contends that the BIA erred in concluding that he failed to demonstrate "exceptional and extremely unusual hardship," we cannot consider this contention because we lack jurisdiction over this discretionary determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, No. 03–70477, Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

